# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2122
_____

United States of America

*Plaintiff - Appellee*

v.

Milton Gonzalez, also known as Milton Chavez-Estrada, also known as Edwardo Trevion, also known as Gilberto Morales

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 18, 2013
Filed: February 4, 2014

_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Milton Gonzalez pled guilty to one count of illegal reentry subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court[1] sentenced him to 36 months in prison, 10 months below the calculated

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

sentencing guideline range. On appeal Gonzalez argues that his sentence is substantively unreasonable. We affirm.

## I. Background

Gonzalez, a Mexican citizen, has been removed from the United States on several occasions. In 2001 he was convicted in state court of possession with intent to distribute amphetamine, an aggravated felony, and was sentenced to 5 years imprisonment. In 2002 he was convicted in federal court of illegal reentry after deportation and was sentenced to 6 months imprisonment. In 2005 Gonzalez was removed after serving the sentences for these convictions. Law enforcement officials found Gonzalez in this country again in 2012 after he was stopped for a traffic violation. After being taken into custody, Gonzalez explained that he returned to the United States to see his girlfriend and two young children when he thought he would lose his battle with cancer.

Gonzalez was indicted for, and pled guilty to, one count of illegal reentry subsequent to an aggravated felony conviction. Because of Gonzalez's prior drug conviction, the district court applied a 16-level enhancement to his base offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(i) (2012). With this enhancement, the district court adopted a guidelines range of 46–57 months. However, the district court varied downward, and sentenced Gonzalez to 36 months

## II. Discussion

In analyzing a district court sentence, we review first for procedural error and then for substantive reasonableness. United States v. Feemster, 572 F.3d 455, 461

(8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Because Gonzalez does not argue that the district court committed any procedural error, we look only at the substantive reasonableness of his 36-month sentence. United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). We review the substantive reasonableness of a sentence for abuse of discretion. Feemster, 572 F.3d at 461 (citing Gall, 552 U.S. at 51). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (quotation omitted).

Gonzalez contends that the district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors in two major respects. First, he argues that the district court gave too much weight to the advisory guidelines—in particular, the USSG § 2L1.2(b) 16-level enhancement. Second, he asserts that the district court gave too little weight to Gonzalez's significant health problems and family circumstances. From the outset we note "[t]he district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009).

## A. USSG § 2L1.2(b) 16-Level Enhancement

Gonzalez argues that the 16-level enhancement pursuant to USSG § 2L1.2(b) lacks a nexus to sound policy and empirical support. Thus, Gonzalez claims, the district court abused its discretion by giving too much weight to the advisory guidelines when sentencing him.

The Supreme Court has explained "district courts are entitled to reject and vary categorically from the [Sentencing] Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 555 U.S. 261, 265–66 (2009). However,

the Supreme Court did not say that district courts must reject or vary from the sentencing guidelines. United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010) (citing United States v. Barron, 557 F.3d 866, 871 (8th Cir. 2009)). This court has also rejected the notion that a district court's application of enhancements pursuant to USSG § 2L1.2(b) is a per se abuse of discretion. Id. Particularly in light of the fact that the district court varied downward in this case, we cannot say it gave too much weight to the sentencing guidelines. See United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) ("[W]here a district court has sentenced a defendant below the advisory guideline range, it is nearly inconceivable that the court abused its discretion in not varying downward still further.").

## B. Mitigating Circumstances

The district court also considered all the mitigating circumstances Gonzalez presented, both in his sentencing memorandum and during the sentencing hearing. At sentencing, the district court acknowledged that Gonzalez has significant health problems and young children in the country. Even prior to sentencing, the district court had granted Gonzalez's request for immediate medical attention, signaling its awareness of the severity of Gonzalez's health problems. Though the district court did not vary downward as significantly as Gonzalez requested, the district court articulated a reasoned basis for its sentence. The court found that Gonzalez's repeated violations of our immigration laws and the need to deter others from similar conduct warranted a lengthy sentence. Although we understand Gonzalez's desire to see his children, especially given his serious health problems, we cannot say that his sentence was substantively unreasonable.

## III. Conclusion

For these reasons, the judgment of the district court is affirmed.

_____