# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1672

_____

United States of America

*Plaintiff - Appellee*

v.

Jorge Rojas-Olivera

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 17, 2014
Filed: April 29, 2014
[Unpublished]

_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jorge Rojas-Olivera pled guilty to conspiracy to possess with intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At the sentencing hearing, several cooperating co-defendants testified about Rojas-Olivera's involvement in the methamphetamine-distribution conspiracy. One co-defendant also

testified that Rojas-Olivera directed him to murder a government informant. In addition, wiretap surveillance recorded Rojas-Olivera discussing a separate plan to murder a drug purchaser who owed him money. The district court[1] found that Rojas-Olivera distributed at least fifteen kilograms of methamphetamine and possessed a firearm in connection with his drug-distribution activity. The district court also found that he had solicited the murder of the informant and made a credible threat as to the indebted drug customer. The court calculated an advisory sentencing guidelines range of life imprisonment. In sentencing Rojas-Olivera to 420 months' imprisonment, the district court observed that Rojas-Olivera did not accept responsibility, did not cooperate with the Government, was the key distributor in the conspiracy, and was the most culpable of the conspiracy's twenty-two defendants. Two days later, the district court sentenced another one of the conspirators to 162 months' imprisonment. Rojas-Olivera challenges his sentence as being substantively unreasonable, arguing that the district court created an unwarranted sentencing disparity between the comparator conspirator and him. For the reasons set forth below, we affirm.

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Gonzales*, 742 F.3d 815, 817 (8th Cir. 2014). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Worthey*, 716 F.3d 1107, 1116 (8th Cir. 2013) (alteration in original) (quoting *United States v. Spencer*, 700 F.3d 317, 322 (8th Cir. 2013)). Nevertheless, Rojas-Olivera contends that the district court abused its discretion. "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

those factors commits a clear error of judgment.'" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)).

Among the factors to be considered under 18 U.S.C. § 3553(a) is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at § 3553(a)(6). However, "[i]t is not an abuse of discretion for a district court to impose a sentence that results in a disparity between co-defendants when there are 'legitimate distinctions' between the co-defendants." *United States v. Johnson*, 688 F.3d 444, 448 (8th Cir. 2012) (alteration in original) (quoting *United States v. Davis-Bey*, 605 F.3d 479, 483 (8th Cir. 2010)). Rojas-Olivera argues that, because the comparator was equally or more culpable, the district court abused its discretion by creating an unwarranted disparity between their sentences. In support of his argument, Rojas-Olivera cites evidence that, unlike him, the comparator fled from law-enforcement officers in a high-speed chase, allegedly attempted to use a firearm during that chase, had a criminal history, and distributed more methamphetamine. Despite these suggested differences between the two, we conclude that other legitimate distinctions support Rojas-Olivera's longer sentence.

First, we observe that Rojas-Olivera's planning the murders of a government informant and an indebted drug customer is a substantial and legitimate distinction between the two. Rojas-Olivera argues that the district court clearly erred in determining that he solicited these murders. We disagree. The district court found the testimony about Rojas-Olivera's soliciting him to murder an informant to be credible. *See United States v. Killingsworth*, 413 F.3d 760, 763 (8th Cir. 2005) ("A district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility."). The district court determined that the co-defendant's testimony was corroborated by the fact that the co-defendant knew the informant's name, address, and place of employment—

information he only could have received from Rojas-Olivera. The district court found that Rojas-Olivera had no reason to give this information to the co-defendant other than to direct him to take some action against the informant. Additionally, the district court received evidence of wiretaps in which Rojas-Olivera discussed killing a drug purchaser who owed him money. He concedes in briefing that "there was undisputed evidence of Rojas-Olivera directing extreme and harsh threats towards others during tape-recorded phone conversations." Accordingly, we find that the district court did not commit clear error in determining that Rojas-Olivera planned these murders. This is a legitimate distinction between the two for sentencing purposes. *See United States v. Stewart*, 628 F.3d 246, 260 (6th Cir. 2010) (finding no abuse of discretion where the district court imposed a higher sentence upon a defendant who, unlike his coconspirators, attempted to murder someone).

We also note that Rojas-Olivera failed to accept responsibility for his offense and did not cooperate with the Government, whereas the comparator did. In the comparator's case, the Government filed a motion for a substantial-assistance departure under U.S.S.G. § 5K1.1, which the district court took into account. These too are legitimate distinctions for sentencing purposes. *See United States v. Sandoval-Sianuqui*, 632 F.3d 438, 444-45 (8th Cir. 2011) (holding that defendants are not similarly situated for sentencing purposes where one defendant accepts responsibility but the other does not); *United States v. Gallegos*, 480 F.3d 856, 859 (8th Cir. 2007) (holding that a "[d]isparity in sentences between a defendant who provided substantial assistance and one who provided no assistance . . . is not 'unwarranted'"); *United States v. Cain*, 487 F.3d 1108, 1114-15 (8th Cir. 2007) (same).

For the foregoing reasons, we conclude that Rojas-Olivera's below-guidelines sentence is not unreasonable. We affirm.[2]

_____

_____

[2]We deny as moot Rojas-Olivera's pending motion to supplement the record.

-4-