# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2740

_____

United States of America

*Plaintiff - Appellee*

v.

Jon R. Misquadace, also known as Jon R. Misquadace-Spry, also known as Jon R. Spry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: February 9, 2015
Filed: February 19, 2015
[Published]

_____

Before GRUENDER, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Jon Misquadace pleaded guilty of failure to pay legal child support in violation of 18 U.S.C. § 228(a)(3). He was sentenced to five years' probation and $54,613.12 in restitution. After a second petition for revocation of probation was filed, the

district court[1] revoked Misquadace's probation and sentenced him to 24 months' imprisonment and 1 year of supervised release. Misquadace appeals his revocation sentence. Having jurisdiction to consider this appeal under 28 U.S.C. § 1291, we affirm.

## I. Background

On June 18, 2013, a petition to revoke Misquadace's probation was filed. On January 23, 2014, Misquadace admitted he had failed to assign his tribal gaming per capita payment to the South Dakota Department of Social Services in violation of his probation conditions. Misquadace remained on probation and was ordered to pay $200 per month toward his outstanding child-support balance. The condition that he assign his per capita payment to the Department of Social Services was eliminated.

On April 28, 2014, a second petition to revoke Misquadace's probation was filed because Misquadace allegedly failed to report a change of residence. At his revocation hearing, Misquadace admitted the violation, and his probation was revoked. He explained that he had been homeless for a period of time because of his alcohol addiction but that he had independently pulled himself together again, joined a new church, obtained housing, and was attempting to get his life back in order for the benefit of his children. Misquadace's violation was a Grade C offense, and his advisory Guidelines sentencing range was 8 to 14 months' imprisonment. The district court sentenced Misquadace to the statutory maximum of 24 months' imprisonment and 1 year of supervised release, and reduced the amount of restitution owed to $53,716. Misquadace timely filed his notice of appeal.

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

## II. Discussion

Misquadace argues on appeal that his revocation sentence is substantively unreasonable. Misquadace contends the district court failed to consider his mitigating evidence and gave too much weight to improper evidence of Misquadace's payment history.

"We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions." United States v. Miller, 557 F.3d 910, 915–16 (8th Cir. 2009). Because Misquadace does not argue the district court committed any procedural error, we review only the substantive reasonableness of his sentence. "[W]e consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." Id. at 916. "A district court abuses its discretion when it '(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" United States v. Gonzalez, 742 F.3d 815, 817 (8th Cir. 2014) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "'[S]ubstantive review exists, in substantial part, to correct sentences that are based on unreasonable weighing decisions.'" United States v. Kane, 639 F.3d 1121, 1136 (8th Cir. 2011) (quoting United States v. Irey, 612 F.3d 1160, 1194 (11th Cir. 2010) (en banc)).

The district court stated at the revocation hearing the following reasoning in support of the 24-month sentence in this case:

> I feel like I got a pig in a poke. You made promises to me and didn't fulfill any of those promises. It's just six, seven months later. We're at a point now where California doesn't want you back. They don't want to supervise you. It is too much – it takes too much effort on

their part to supervise you. You're not fulfilling the promises you made to me.

You have the money coming in. You get $400 a month from the tribe. You made no effort to pay any of those payments until you got put in jail.

This isn't just a one-way street where probation and I and your lawyer do all the work, and you don't fulfill any part of the bargain. You didn't fulfill one part of the promises that you made to me last time in January.

. . .

In light of the fact that this is your second supervised release revocation [petition] within seven months, and the fact that you didn't make any payments until you were put into custody, normally paying child support and getting restitution to the victims would be a high priority. But in light of your payments that have been made, other than when you were in custody, it doesn't appear to be a high priority for you.

So I'm going to go back to the original guideline range of 24 months in custody, and sentence you to 24 months in custody, with one year of supervised release that will follow after that.

We agree with Misquadace that the district court gave greater weight to his payment history than to the mitigating evidence he presented at his revocation hearing. This court, however, gives district courts "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Gonzalez, 742 F.3d at 817 (quotation omitted). In this case, the district court was well within its discretion to consider Misquadace's payment history, because his willingness to make restitution payments was related to the violation he admitted: failure to report his change of residence to his probation officer. The probation officer's ability to supervise Misquadace,

-4-

including monitoring whether he meets his restitution obligation, is significantly impeded if the probation officer does not know where to find him.  Misquadace's payment history, relevant under both 18 U.S.C. § 3553(a)(1) and (a)(7), was thus a proper factor for the district court to consider; and the district court's weighing of that factor was not an abuse of discretion.

### III.  Conclusion

For the reasons above, we affirm Misquadace's sentence.

_____