# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1065

_____

United States of America

*Plaintiff - Appellee*

v.

Eleazar Rios Araujo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 13, 2017
Filed: February 23, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Eleazar Rios Araujo, a Mexican citizen, pleaded guilty to Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced Araujo to

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

forty-five months of imprisonment and three years of supervised release. Araujo appeals, arguing that his sentence is substantively unreasonable. We affirm.

As Araujo's criminal history is relevant to this appeal, we briefly recount that history. In 1994, Araujo was convicted of three California robbery-related offenses. Because at the time of those convictions he was illegally within the United States, Araujo was deported to Mexico following his release from incarceration. In 1999, after Araujo illegally reentered the United States, he was convicted of two counts of Illegal Entry by an Alien and was sentenced to thirty months of imprisonment. Following that sentence, he was again deported to Mexico in 2001. Sometime later, Araujo again illegally reentered the United States, as evinced by one arrest in 2006 and another arrest in 2009, both in Minnesota but neither of which appears to have been prosecuted. In 2015, Araujo was arrested and pleaded guilty to a Minnesota drug-related offense. Based on that arrest, U.S. Immigrations and Customs Enforcement learned of Araujo's illegal presence and arrested him for the offense underlying this appeal.

Araujo was indicted and pleaded guilty to the underlying offense: Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a). The maximum term of imprisonment for the offense was twenty years, and Araujo's advisory sentencing range under the United States Sentencing Guidelines was fifty-seven to seventy-one months of imprisonment. The district court sentenced Araujo to forty-five months of imprisonment and three years of supervised release. Araujo timely appeals.

Araujo argues that his sentence is substantively unreasonable because it is "greater than necessary" to accomplish certain penological purposes, in contravention of 18 U.S.C. § 3553(a). Specifically, he contends that the district court gave: (1) too much weight to his guideline range, which he argues was unreasonably increased

based on an enhancement for his 1994 and 1999 convictions;[2] and (2) not enough weight to the "staleness" or "age" of those prior convictions, to the supposed flaws in the guidelines calculations for Reentry of Removed Alien convictions, and to Araujo's history and characteristics, specifically his difficult childhood. As Araujo challenges the substantive reasonableness of his sentence, we apply the "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citations omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Feemster, 572 F.3d at 461 (citation omitted).

We conclude that the district court did not abuse its discretion. In imposing the sentence, the district court varied twelve months below the bottom of Araujo's guideline range. Practically speaking, "where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Spencer, 700 F.3d 317, 322 (8th Cir. 2012) (quoting United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam)). As to the staleness of Araujo's prior convictions, Araujo concedes that the district court considered the age of his prior convictions and varied downward from the guideline range based on their staleness. Araujo also concedes that the district court referenced his guideline range, the § 3553(a) factors, and § 3553(a)'s goal to avoid unwarranted sentencing disparities. Further, the district court referenced numerous mitigating factors: that Araujo "reentered the United States for sympathetic reasons," that his 1994 and 1999 convictions were "old," "that he lived in the United States for at least 10 years

---

[2]Araujo does not challenge the application of that enhancement to his guideline range.

-3-

without being convicted of a crime," "that [he] has spent a year incarcerated in a county jail, and that he will serve the rest of his sentence far from his loved ones." The district court weighed these mitigating factors against the aggravating factors—particularly "the need to deter Mr. Araujo from continuing to violate the immigration laws of the United States"—and varied downward in imposing Araujo's sentence. "This court . . . gives district courts 'wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" United States v. Misquadace, 778 F.3d 717, 719 (8th Cir. 2015) (per curiam) (quoting United States v. Gonzalez, 742 F.3d 815, 817 (8th Cir. 2014)). The district court here acted within this wide latitude. Based on the foregoing reasons, we conclude that the district court sufficiently explained the sentence it imposed and that the sentence is substantively reasonable.

Accordingly, the judgment of the district court is affirmed.

_____