# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4265

_____

United States of America

*Plaintiff - Appellee*

v.

Alvin Wade Summers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: December 11, 2017
Filed: February 23, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

After Alvin Wade Summers admitted to violating conditions of his supervised release, the district court[1] revoked his supervised release and sentenced him to eleven

_____

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

months of imprisonment.  This was the second revocation of Summers's supervised release for similar violations.  Summers appeals, arguing that his eleven-month sentence is substantively unreasonable.  We affirm.

In 2009, Summers pleaded guilty to an underlying offense, assault resulting in serious bodily injury, and was sentenced to a term of imprisonment to be followed by a period of supervised release.  In 2011, Summers completed his term of imprisonment and began his period of supervised release.  After Summers violated conditions of his supervised release, the district court in 2014 revoked Summers's supervised release and sentenced him to a second term of imprisonment to be followed by a second period of supervised release.

In 2015, Summers completed his second term of imprisonment and began his second period of supervised release.  During this second period, Summers again violated numerous conditions of his supervised release.  He tested positive for prohibited substances, he missed required appointments, and he frequently absconded from a drug-treatment center where he was receiving treatment.  After he last absconded, he was absent from supervision for almost one year.  He eventually was located, and he admitted to two violations of his supervised release.  In 2016, the district court again revoked Summers's supervised release and sentenced him to eleven months of imprisonment to be followed by twenty months of supervised release.  Summers timely appealed.

Summers contends that "the district court did not account for the mitigating factors Summers raised" and "did not discuss or even reference the 18 U.S.C. § 3553(a) factors in imposing the sentence."  These errors, Summers argues, were an abuse of the district court's discretion.  The government characterizes Summers's argument as asserting a procedural error, rather than an abuse of discretion.  But because Summers rejects this characterization and asserts that he argues only that the district court did not properly weigh the § 3553(a) factors, we consider only that

argument. We thus review the substantive reasonableness of Summers's sentence under the "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).

We conclude that the district court did not abuse its discretion in sentencing Summers. Because the eleven-month sentence was within the applicable guideline range of five to eleven months, we presume the sentence to be reasonable. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009); see also Rita v. United States, 551 U.S. 338, 341 (2007). Further, the record includes ample evidence supporting the sentence imposed. Of note, the district court revoked Summers's supervised release—for a second time—because he repeatedly violated his supervised-release conditions. Summers argues that the district court placed too much weight on one fact: that Summers repeatedly absconded from his drug-treatment center. The court should have placed greater weight, Summers claims, on the mitigating evidence, including his diagnoses for anxiety, anger, sleeplessness, and depression. "This court, however, gives district courts 'wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining the appropriate sentence.'" United States v. Misquadace, 778 F.3d 717, 719 (8th Cir. 2015) (per curiam) (quoting United States v. Gonzalez, 742 F.3d 815, 817 (8th Cir. 2014)). And although the district court's explanation for the sentence it selected was sparse, "[a] sentencing court is not required to recite each of the 18 U.S.C. § 3553(a) factors when determining a sentence; it is sufficient that the district court makes clear that it actually considered the § 3553(a) factors." United States v. Vinton, 631 F.3d 476, 487 (8th Cir. 2011) (citing Feemster, 572 F.3d at 461); see also Rita, 551 U.S. at 356 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."). The

district court also presided over the sentencing hearings for both Summers's underlying conviction and the first revocation of his supervised release.  The court therefore "was fully apprised of [his] history and characteristics," <u>United States v. Miller</u>, 557 F.3d 919, 922 (8th Cir. 2009), which are two of the § 3553(a) factors.  The record demonstrates that the district court considered the § 3553(a) factors.  For these reasons, the district court did not abuse its discretion, and Summers's sentence is substantively reasonable.[2]

Accordingly, the judgment of the district court is affirmed.

_____

---

[2]Although not relevant to this appeal, we note that after the parties filed their briefs but before the case was submitted, Summers finished his third term of imprisonment (the term he challenges here), he began his third period of supervised release, and the district court revoked this third supervised release for a supervised-release violation: failing to report to the probation office.  The district court sentenced Summers to twenty-four months of imprisonment, which Summers is now serving, and no period of supervised release.  Summers did not appeal that revocation or sentence.  Although the parties have not raised a mootness argument, it is unclear what relief could be accorded Summers, even if we were to agree that his sentence was unreasonable.