# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4365

_____

United States of America

*Plaintiff - Appellee*

v.

Carol Ann Ryser

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 13, 2017
Filed: February 28, 2018

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

After violating conditions of her probation by participating in an illegal "lottery" scam, Defendant–Appellant Carol Ann Ryser appeals the sentence she received for her probation violations, arguing that the district court[1] committed a

_____

[1]The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

procedural error when imposing her sentence and that her sentence is substantively unreasonable. Specifically, Ryser contends that the district court committed procedural error by selecting a sentence based, in part, on the court's determination she "profited" from the scam and that her twenty-four-month sentence was greater than necessary in light of certain mitigating factors. We disagree and affirm the judgment of the district court.

In 2013, Ryser pleaded guilty to two federal offenses: health-care fraud and filing a false tax return. Her advisory sentencing range under the United States Sentencing Guidelines was thirty to thirty-seven months of imprisonment. The district court declined to impose a term of imprisonment and instead sentenced Ryser to three years of probation.

In 2016, before her probation ended, Ryser was accused of violating conditions of her probation by engaging in an illegal lottery scam. Through the scam, other individuals, who were not identified, called numerous elderly victims and duped the victims into believing they had won a lottery. To receive the "lottery awards," the callers stated, the victims first had to pay taxes and fees on the awards. Acting under this false belief, the victims sent Ryser (and other individuals) cash, cashier's checks, and money orders. Ryser then sent some of this money to numerous individuals in the United States and Jamaica. The government concedes that it did not identify the precise amounts of money that Ryser received from the victims or that she forwarded to others involved in the scam. Based on her conduct, Ryser allegedly violated two conditions of her probation: (1) committing another federal, state, or local crime; and (2) associating with a person engaged in criminal activity, without her probation officer's permission.

At a hearing on Ryser's alleged probation violations and after considering the evidence, the district court found that Ryser violated her probation conditions. Based on these probation violations, Ryser's guideline range was four to ten months of

imprisonment. The court revoked Ryser's probation and sentenced her to twenty-four months of imprisonment. Ryser timely appealed.[2]

Ryser first argues that the district court committed procedural error by basing the selected sentence partly on a purportedly unsupported factual finding: that she "profited" from her role in the scam. The essence of Ryser's argument, it appears, is that because the government did not ascertain the precise total amounts that Ryser received or forwarded, there is no proof that she obtained a profit. Because it is a procedural error for a district court to impose a sentence based on a clearly erroneous fact, we review the district court's finding for clear error. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

We conclude that there was no clear error in finding that Ryser profited from the scam. Ryser stipulated to receiving tens of thousands of dollars from at least six victims, including over $26,000 from one victim. Ryser also stipulated to receiving money in cash, which was difficult to trace, and to depositing money into her bank account. Although Ryser testified that she forwarded nearly all of the money she received and that she retained some money only to pay for her expenses associated with the scam, the district court found Ryser's testimony "to be less than credible." Moreover, Ryser told her probation officer that her conduct was "work at home," and she testified that she thought this work would help her out of her tough financial situation. This record supports the district court's finding that there were "reasonable inferences" that Ryser benefitted and profited from the scam. The district court therefore did not clearly err.

Ryser next contends that her twenty-four-month sentence is substantively unreasonable. "[W]e consider the substantive reasonableness of the length of the

---

[2]Ryser does not appeal either the finding that she violated the terms of her probation or the calculation of her guideline range.

sentence under an abuse-of-discretion standard." United States v. Misquadace, 778 F.3d 717, 718 (8th Cir. 2015) (per curiam) (alteration in original) (citation omitted). "A district court abuses its discretion [in imposing a sentence] when it '(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. at 718–19 (citation omitted).

We conclude that the district court did not abuse its discretion in sentencing Ryser. The court considered the 18 U.S.C. § 3553(a) factors and the guideline range for the probation violations. The court also considered the guideline range of thirty to thirty-seven months' imprisonment for the underlying convictions. The court considered this range, it explained, because the court previously "extended mercy" to Ryser by imposing probation rather than imprisonment and because Ryser had responded to this mercy "with more fraud." In doing so, the court acted within its discretion. See id. at 719 (affirming a sentence for the statutory maximum of twenty-four months of imprisonment, although the guideline range for the probation violation was eight to fourteen months); United States v. Shepard, 657 F.3d 682, 685 (8th Cir. 2011) (per curiam) (affirming a sentence for the statutory maximum of sixty months of imprisonment, although the guideline range for the probation violation was four to ten months). The district court also "had presided over [Ryser]'s initial sentencing and thus was 'fully apprised of [her] history and characteristics.'" Shepard, 657 F.3d at 685 (quoting United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009)).

Ryser argues that the district court improperly weighed the § 3553(a) factors because the court based Ryser's sentence in part on her probation violations, though the guideline calculation already accounted for that factor, and because the court considered the "mercy" it extended Ryser at the first sentencing by imposing probation rather than imprisonment. These arguments are without merit. A sentencing court acts within its discretion in considering the nature and circumstances

of a defendant's probation violation and the defendant's defiance of her probation conditions, as these are proper § 3553(a) factors. See United States v. Keatings, 787 F.3d 1197, 1204 (8th Cir. 2015) (affirming a sentence as substantively reasonable where the district court "was obviously disappointed in [the defendant]'s inability to comply with the conditions of his probation for even one month" and "based [the defendant]'s sentence on his failure to comply with the conditions of his probation as well as the section 3553 factors"); United States v. Ceballos–Santa Cruz, 756 F.3d 635, 638 (8th Cir. 2014) (per curiam) (affirming a sentence as substantively reasonable where the district court "recognized the significant reduction" the defendant received at his initial sentencing "and decided [in sentencing the defendant for a supervised-release violation that] a longer sentence would help achieve general and specific deterrence").

Finally, Ryser argues that the district court did not give sufficient weight to her history and characteristics, such as her lack of criminal history; the nature of her underlying convictions; her limited role in the scam; and her poor health. Based on our review of the record, however, the district court did not abuse its discretion. The district court considered many of the factors Ryser flags. It found that, before her involvement in the scam relevant here, Ryser herself had been victimized by a similar fraudulent scam and lost several hundred dollars. The court also noted that Ryser was seventy-nine years of age and suffered from several health conditions, including Crohn's disease. And the district court explained that it was imposing a lower sentence than the court otherwise would have *because of* Ryser's poor health. The district court nevertheless weighed these mitigating factors against the aggravating factors and found the aggravating factors more powerful. "This court . . . gives district courts 'wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" Misquadace, 778 F.3d at 719 (quoting United States v. Gonzalez, 742 F.3d 815, 817 (8th Cir. 2014)). The district court acted within this wide latitude in selecting a

sentence it deemed appropriate.  We thus conclude that the sentence was substantively reasonable.

Accordingly, the judgment of the district court is affirmed.

_____