# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1006

_____

United States of America

*Plaintiff - Appellee*

v.

Tracy Ann Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 12, 2018
Filed: April 13, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Tracy Ann Smith appeals her 600-month sentence, arguing the district court[1] abused its discretion by imposing a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

On May 10, 2016, Tracy Ann Smith pled guilty to 1) sexual exploitation of children in violation of 18 U.S.C. § 2251, and 2) receipt of child pornography, in violation of 18 U.S.C. § 2252. On December 10, 2016, the district court conducted a sentencing hearing. The district court calculated the applicable Sentencing Guidelines and found Smith to be at offense level 43 with a criminal history category of III which resulted in a calculated Guideline range of life imprisonment. Because a life sentence would have exceeded the maximum statutory penalty under the two counts of conviction, the recommended Guidelines sentence was reduced to 360 months on Count One and 240 months on Count Two for a total of 600 months, which reflected the maximum penalty available under law. The district court sentenced Smith to the maximum penalty on each count of conviction for a total of 600 months imprisonment.

Smith's sole contention on appeal is that her sentence was substantively unreasonable. This Court reviews "the imposition of sentences, whether inside or outside the Guidelines range, [with a] deferential abuse-of-discretion standard." United States v. Franik, 687 F.3d 988, 990 (8th Cir. 2012). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Gonzales, 742 F.3d 815, 817 (8th Cir. 2014) (quotation omitted).

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Smith argues the district court must have failed to consider her acceptance of responsibility because the court imposed the maximum sentence available. Contrary to Smith's argument, it is not a *per se* abuse of discretion for a court to impose the maximum sentence available even when some mitigating factors are present. The district court stated it would consider each of the relevant § 3553 factors. The court acknowledged Smith's acceptance of responsibility and that she had spared her victims from testifying about Smith's sexual exploitation. The court nevertheless found a 600-month sentence appropriate in light of the serious and egregious nature of Smith's crimes against children. The sentencing transcript shows that the sentence was imposed after a reasonable weighing of the relevant factors.

We affirm.

_____