# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2904

_____

United States of America

*Plaintiff - Appellee*

v.

Joel Augutuk Mayokok

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2018
Filed: January 9, 2019
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Joel Augutuk Mayokok originally received a 240-month prison sentence for knowingly receiving child pornography, 18 U.S.C. § 2252(a)(2), (b)(1). This sentence, which was well below his advisory Sentencing Guidelines range, was vacated on appeal when he successfully challenged a five-level enhancement to his offense level. At resentencing, the district court[1] again imposed a 240-month

_____

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

sentence, near the midpoint of his new Guidelines range. Mayokok challenges the substantive reasonableness of his sentence, and we affirm.

In setting a 240-month sentence for a second time, the district court emphasized the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). It discussed, among other things, Mayokok's traumatic childhood, his cultural contributions to the Native American community, his need for treatment, his lengthy criminal history, and the need to protect the public. It then concluded that 240 months was "a fair sentence" given "the circumstances in this case."

It may seem counterintuitive that Mayokok received the same sentence both times, even after he emerged from his successful appeal with a lower advisory Guidelines range. But each time, the court stressed that the Guidelines range was only its "starting point" or "initial benchmark" for setting his sentence, and that its analysis of the statutory sentencing factors shaped its decision more than anything else. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017) ("[T]he advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the *statutory* range." (emphasis added)).

Mayokok argues that his 240-month sentence is substantively unreasonable because it "does not reflect, in a realistic and meaningful way," his mitigating circumstances, including his traumatic childhood and his chemical-dependency issues. There is no basis for us to conclude that the district court "fail[ed] to consider a relevant and significant factor, [gave] significant weight to an irrelevant or improper factor, or consider[ed] the appropriate factors but commit[ted] a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). The court addressed Mayokok's mitigating circumstances but gave greater weight to the seriousness of his crime and to his "very troubling, and very violent criminal history," which it was permitted to do in exercising its discretion. *See United States v. Ryser*, 883 F.3d 1018, 1022 (8th Cir. 2018).

We affirm the judgment of the district court.

_____