# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1677

_____

United States of America

*Plaintiff - Appellee*

v.

Soy Franklin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 11, 2019
Filed: June 11, 2019
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Soy Franklin pled guilty to one count of distribution of cocaine base within a protected location (within 1,000 feet of a grade school) after a prior felony conviction, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 851, and 860(a).

The district court[1] sentenced Franklin to 188 months imprisonment. Franklin appeals, asserting that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

At sentencing, Franklin moved for a downward variance below the 188 to 235 months Guidelines sentencing range, arguing mitigating factors which included the following: that his status as an armed career criminal was based on a 20-year-old aggravated battery conviction for conduct that occurred when he was 17 years old that had involved self-defense and on a small-quantity drug conviction; that he had committed no violent crime since his aggravated battery conviction; and that he had suffered a difficult upbringing. The district court denied Franklin's request and sentenced him to 188 months imprisonment, a sentence at the bottom of the Guidelines range.

Franklin asserts that his sentence is substantively unreasonable, arguing that the district court failed to take into consideration the particular factors set forth above. "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. . . . A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) (internal quotation marks omitted). A district court has "wide latitude" to weigh the 18 U.S.C. § 3553(a) factors and to "assign some factors greater weight than others," United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam) (internal quotation marks omitted), and the determination that the district court was "aware of the relevant . . . factors . . . can be inferred from the record." United States v. Young, 640 F.3d 846, 848 (8th Cir. 2011) (per curiam).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Although the district court did not explicitly mention Franklin's age at the time of his aggravated battery conviction, or that it was over 20 years ago and Franklin had no other convictions for violent crimes, Franklin's counsel directly addressed these factors during the sentencing hearing as part of Franklin's argument seeking a downward variance. We thus presume that the district court appropriately considered these factors. See, e.g., United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors.").

The district court also noted the factors it found to be aggravating, including Franklin's criminal history, which the district court believed made him a recidivist who had not taken advantage of the many opportunities to turn his life around. Acknowledging these factors, and stating that it had considered all § 3553(a) factors, the district court determined a sentence at the bottom of the Guidelines range was appropriate. Franklin's argument on appeal amounts to no more than a disagreement with how the district court weighed the mitigating and aggravating factors. As the district court has wide latitude in considering this balance, we find no error in the district court's decision to afford the aggravating factors more weight than Franklin's mitigating factors. See United States v. Ryser, 883 F.3d 1018, 1022 (8th Cir. 2018).

The district court did not abuse its discretion in imposing Franklin's sentence. Accordingly, we affirm.

_____