# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2973

_____

United States of America

*Plaintiff - Appellee*

v.

Lekedric M. Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 14, 2019
Filed: June 27, 2019
[Unpublished]

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

On May 5, 2017, the Grand Jury indicted Lekedric Davis on various drug and firearm charges. Davis entered into a plea agreement, and on March 13, 2018, he pled guilty to one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). On August 30, 2018, the district

court[1] sentenced Davis to 100 months' imprisonment. Davis appeals, asserting that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Pursuant to Section 2K2.4 of the United States Sentencing Guidelines, Davis's advisory Guidelines range was five years, the minimum imprisonment term set forth in § 924(c)(1)(A)(i). See U.S.S.G. §2K2.4(b). At sentencing the government and Davis jointly recommended the court impose a five-year sentence. In support of the recommendation Davis emphasized that he did not brandish the firearm or threaten anyone with it, and that he has great potential to reform his life because of the support of his family, his employment history, his success with sobriety while detained, and his desire to provide for his three children. After considering the parties' arguments, the district court varied upward and sentenced Davis to 100 months' imprisonment.

Davis asserts that the upward variance was excessive, rendering his sentence substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)).

The district court did not commit a clear error of judgment in weighing the appropriate factors. In imposing the upward variance the district court found that the Guidelines did not adequately account for either Davis's history of drug and firearm

---

[1] The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

offenses or his failure to comply with the terms of his probation as demonstrated by his two drug and firearm violations in six months. Given the structure of U.S.S.G. §2K2.4(b), Davis's criminal history was not considered in the five-year mandatory sentence. The district court found that Davis was in Criminal History Category IV and that the criminal history was an important sentencing consideration. The district court considered Davis's mitigation arguments but ultimately determined that a 100-month sentence was necessary to promote respect for the law, address his needs, and reflect the seriousness of the offense. This balancing of considerations was well-within the district court's wide latitude in determining an appropriate sentence. See United States v. Ryser, 883 F.3d 1018, 1022 (8th Cir. 2018) (citation omitted).

The district court did not abuse its discretion in imposing Davis's sentence. Accordingly, we affirm.

_____