# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3639
_____

United States of America

*Plaintiff - Appellee*

v.

Kass Gayton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen
_____

Submitted: October 14, 2019
Filed: November 22, 2019
[Unpublished]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

After Kass Gayton admitted to violating several conditions of probation, the district court[1] sentenced him to an above-Guidelines-range, 24-month prison term

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

followed by three years of supervised release.  On appeal, he argues that the court should have ordered treatment rather than incarceration and placed less emphasis on his failure to pay a court-ordered fine.  We affirm.

Gayton was on probation when he admitted to violating three conditions that he was required to follow: making monthly payments on a fine; participating in cognitive-behavioral therapy; and refraining from the use of alcohol.  After the district court held a hearing to consider these violations, it sent him to prison.

Gayton believes that he should have received additional treatment instead. *See United States v. Whitehorse*, 909 F.2d 316, 319–20 (8th Cir. 1990) (noting that the decision to order treatment in lieu of incarceration lies within the district court's discretion).  Rather than immediately placing him in a treatment program, the district court decided to wait until after his time in prison is over.  It had the discretion to make this call, especially because Gayton missed five court-ordered treatment sessions while on probation.  The court could have reasonably concluded that he would not have behaved any differently if he were immediately released into the community again.

He also argues that the district court's rationale for imposing an above-Guidelines-range sentence was flawed.  In his view, the court placed too much weight on his failure to make progress toward paying down a court-ordered fine.  To the extent that he suggests that the court could not consider this fact at all, he is wrong.  Failing to make court-ordered payments was just one of several examples of his willingness to defy the conditions placed on him.  *See United States v. Ryser*, 883 F.3d 1018, 1021 (8th Cir. 2018); *see also United States v. Misquadace*, 778 F.3d 717, 719 (8th Cir. 2015) (per curiam) (explaining that the failure to make restitution payments during probation was a "proper" factor to consider under 18 U.S.C. § 3553(a)).

Nor did consideration of this fact result in a substantively unreasonable sentence.  *See United States v. Miller*, 557 F.3d 910, 915–16 (8th Cir. 2009)

(explaining that we review alleged substantive errors for an abuse of discretion). The district court expressly considered a range of section 3553(a) factors, not just his defiance of probation conditions, before settling on a 24-month prison sentence. In light of the overall record, nothing about this sentence strikes us as unreasonable. *See Ryser*, 883 F.3d at 1021–22 (noting a district court's "wide latitude" in this area and explaining that a court can assign weight to a lenient initial sentence); *see also United States v. Thunder*, 553 F.3d 605, 609 (8th Cir. 2009) (affirming an above-Guidelines-range sentence for "repeatedly" violating the conditions of supervised release).

We accordingly affirm the judgment of the district court.

_____