United States Court of Appeals

For the Eighth Circuit

_____

No. 19-1036

_____

United States of America

*Plaintiff - Appellee*

v.

Leslie G. Randall, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: November 11, 2019
Filed: December 19, 2019
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.


Leslie G. Randall pled guilty to failing to pay legal child support in violation of 18 U.S.C. § 228(a)(3). The district court[1] sentenced him to five years of probation

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

and ordered restitution. Less than a year later, he violated the conditions of probation and failed to maintain restitution payments. The court again sentenced him to five years of probation and ordered restitution. About two years later, he violated the conditions of probation. The court revoked his probation and reinstated it for the remainder of the term. Less than two months later, he violated his probation a third time. The district court sentenced him to 24 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Randall believes his above-guidelines sentence is substantively unreasonable. He argues the district court failed to consider the "de-escalation" of his probation violations. This court reviews for abuse of discretion. *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009). Appellate review of sentencing decisions is limited to whether they are "reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007). "Appellate review is 'narrow and deferential' and reversal on the basis of substantive unreasonableness is 'unusual.'" *United States v. Keatings*, 787 F.3d 1197, 1203 (8th Cir. 2015), *quoting United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Imposing its sentence, the court considered Randall's unsuccessful history on probation, including failures to pay child support and restitution, notify his probation officer of residence changes, appear for court status hearings, and participate in cognitive behavioral training programs. It also listed the factors it considered in imposing the 24-month sentence, including Randall's history and characteristics, the need for the sentence imposed, the sentences available to the court, and Randall's obligation to obtain gainful employment to pay his child support. The court concluded by saying:

> Mr. Randall, this is the third petition to revoke. I think every time that you have been here, I have talked with you about getting a job, getting a payroll deduction in place so the money could automatically be

withheld from your pay check, and you still haven't gotten that done. You talk now about maybe having a job where you can go back to work for somebody that you worked for before with Jim Scull Construction. If you were really serious about doing that, you would have done it last time after I sentenced you, but you didn't. The reason I wanted you to go to the Making Changes class is because you have issues on what you have determined to be your priorities at the time. And helping—that class would help you make good decisions to keep you out of trouble. The probation officer shouldn't have to track you down. Set up an appointment, you are supposed to show up for your appointments. This isn't the first time that we have gone through this. It seems to me like Ms. Reeves is working harder on your case than you are.

Because it's the third petition to revoke, I am going to go back to the original guideline range and sentence you at the top of that range to 24 months in custody. And then you will be on supervised release for one year. I hope when you are on that supervised release, that you will work to get a job where you can put your payroll deduction into place and regularly make your child support payments.

The court did not abuse its discretion. *See, e.g.*, *United States v. Misquadace*, 778 F.3d 717, 718 (8th Cir. 2015) (affirming statutory maximum sentence of 24 months' imprisonment on second petition to revoke probation); *United States v. Thunder*, 553 F.3d 605, 608-09 (8th Cir. 2009) (holding that a 15-month upward variance from guidelines-range was reasonable based on defendant's repeated violations of supervised release).

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____