# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-2655

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gregory M. Shockley

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: April 14, 2020
Filed: May 27, 2020
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

In July 2019, the district court[1] conducted a supervised release revocation hearing regarding Gregory M. Shockley's participation in a high-speed chase in an attempt to elude police. At that hearing, Shockley stipulated to the alleged violation.

———————————

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The district court noted it was a Grade B violation, resulting in an advisory sentencing guideline range of 21 to 27 months' imprisonment. But because the statutory maximum sentence for the revocation violation is 24 months, the guidelines range necessarily became 21 to 24 months' imprisonment. *See* U.S.S.G. § 7B1.4(b)(3)(A). The court sentenced Shockley to 24 months' imprisonment.

On appeal, Shockley argues that his sentence is substantively unreasonable because the district court failed to account for the time and resources that his stipulation to the violation saved the court and the Government. We review the district court's revocation sentencing decision, including its substantive reasonableness, under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings. *United States v. Johnson*, 827 F.3d 740, 744 (8th Cir. 2016). "An abuse of discretion occurs when: (1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment." *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019).

A defendant's acceptance of responsibility is a "relevant and proper" factor under § 3553(a), *United States v. Jimenez-Gutierrez*, 491 F.3d 923, 927 (8th Cir. 2007), and we will assume this factor must also be considered in a supervised-release revocation proceeding, *see* 18 U.S.C. § 3583(e) (requiring consideration of certain § 3553(a) factors in a supervised-release revocation proceeding). But a district court need not "specifically mention the mitigating factors" a defendant raises. *United States v. Nicholas*, 773 F. App'x 324, 326 (8th Cir. 2019) (per curiam). When "the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009). The district court here heard argument from Shockley's counsel urging a lower sentence in light of his stipulation. The court also noted, however, the "seriousness of his violation" and the need to provide "adequate deterrence." In light of these considerations, we do not find that the district court abused its discretion by imposing a 24-month sentence. *See United States v.*

*Misquadace*, 778 F.3d 717, 719 (8th Cir. 2015) (per curiam) (noting that we give district courts "wide latitude" in weighing sentencing factors in a revocation hearing).

     We affirm.

_____