# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2317
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Michael Macmillan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 14, 2022
Filed: February 9, 2023
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.


Nicholas Michael MacMillan pled guilty to interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). The district court sentenced him to 18 months in prison. Upon release, he violated the conditions of his release. The

district court[1] sentenced him to 24 months in prison and 12 months of supervised release. MacMillan appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

MacMillan challenges his within-guidelines sentence. This court reviews revocation sentences for abuse of discretion. *See United States v. Trung Dang*, 907 F.3d 561, 564 (8th Cir. 2018). But the court reviews for plain error when, as here, a defendant claims the district court improperly considered a factor listed in 18 U.S.C. § 3553(a)(2)(A) but did not object at sentencing. *Id*. at 566.

MacMillan contends the district court procedurally erred by considering improper factors, specifically the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). In support, MacMillan points to the district court's statement that it considered "all factors outlined under 18 U.S.C. Section 3553(a)." This argument overlooks the entirety of the district court's statement:

> In crafting this disposition, I have considered all factors outlined under 18 U.S.C. Section 3553(a), including general deterrence, specific deterrence, protection of the public, the need to avoid unwarranted sentencing disparities, and the specific history and characteristics of the defendant.

The court thus specifically stated the factors it considered, which included only those permitted by 18 U.S.C. § 3583(e). The district court never said it relied on the factors MacMillan now claims were improper under 18 U.S.C. § 3553(a)(2)(A). The district court did not err, let alone plainly err, in its sentence.

MacMillan also claims the court substantively erred in imposing his sentence. This court reviews for abuse of discretion. *See United States v. Miller*, 557 F.3d

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

910, 916 (8th Cir. 2009). It is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). The district court heard argument about MacMillan's mental and physical health and weighed these factors against the multiple opportunities he had to change his behavior and follow his probation officer directions. The court did not err in imposing the within-guidelines sentence. *See United States v. Misquadace*, 778 F.3d 717, 719 (8th Cir. 2015) (district courts have "wide latitude" in weighing competing factors to determine an appropriate sentence).

* * * * * * *

The judgment is affirmed.

_____