# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1472
_____

United States of America

*Plaintiff - Appellee*

v.

Annie Rose Gassman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Central

_____

Submitted: August 14, 2024
Filed: August 19, 2024
[Unpublished]

_____

Before KELLY, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Annie Gassman appeals the sentence imposed by the district court[1] following the revocation of her supervised release. She argues that the sentence was

_____

[1]The Honorable Roberto Lange, Chief Judge, United States District Court for the District of South Dakota.

substantively unreasonable because the court did not adequately consider and give appropriate weight to mitigating factors.  Upon careful review, we affirm.

We conclude that the district court did not err in imposing the within-Guidelines sentence that Gassman received.  See United States v. Johnson, 827 F.3d 740, 744 (8th Cir. 2016) (appellate court reviews revocation sentencing decision under same deferential abuse-of-discretion standard that applies to initial sentencing proceedings; abuse of discretion occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors); see also United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (within-Guidelines revocation sentence is presumptively reasonable on appeal).  The court adequately considered mitigating factors in imposing the sentence, and it did not clearly err in weighing the relevant factors.  See United States v. Misquadace, 778 F.3d 717, 719 (8th Cir. 2015) (per curiam) (courts have wide latitude to weigh sentencing factors in each case and assign some factors greater weight than others in determining sentence).

Accordingly, we affirm.

_____