# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2125

_____

United States of America,

          Appellee,

   v.

Daniel Matthew Synowiecki,

          Appellant.

\* 
\* 
\* 
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\* 
\*    [UNPUBLISHED]
\* 

_____

Submitted: February 23, 2007
Filed: March 2, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

While Daniel Synowiecki was serving the supervised release portion of his bank fraud sentence, he violated his supervised release and the district court[1] sentenced him to 12 months in prison and 2 years of supervised release. During his second period of supervised release, he again violated his supervised release: ultimately he pleaded guilty to violating multiple release conditions, all Class C violations. The district court revoked supervised release and sentenced him to 24 months in prison with no further period of supervised release. This appeal followed.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

For reversal Synowiecki argues that the district court failed to consider the applicable Guidelines Chapter 7 revocation range, and further, that the court abused its discretion in imposing an excessive sentence and clearly erred in balancing the relevant sentencing factors.

Synowiecki is correct that the district court was required to consider the Chapter 7 policy statements, see United States v. Hensley, 36 F.3d 39, 42 (8th Cir. 1994), and although we believe that the court indicated its awareness of the need to do so, the court failed to acknowledge the precise Chapter 7 revocation range applying to Synowiecki's Grade C violations and criminal history category. Further, the probation violation worksheet in the record reflects a revocation range that is based on a Grade B violation.

Nevertheless, regardless of whether any resulting error is reviewed for plain error or harmless error, the revocation sentence must be affirmed. First, a district court remains free to impose a revocation sentence outside the Guidelines range suggested by the policy statements, if in its discretion the court believes that a higher sentence is warranted. See United States v. Larison, 432 F.3d 921, 922-23 (8th Cir. 2006). Second, our review of the record convinces us that the district court was firm on the 24-month sentence because of Synowiecki's history of supervised release violations and flouting of authority, as well as his need for rehabilitation and to be incapacitated to protect society. Cf. Williams v. United States, 503 U.S. 193, 202-03 (1992) (when district court misapplies Guidelines, remand is required unless reviewing court determines, on basis of whole record, that error is harmless, i.e., error did not affect district court's selection of sentence imposed); United States v. Sayre, 400 F.3d 599, 600-01 (8th Cir. 2005) (whether sentence was reviewed for plain error or harmless error, affirmance was appropriate because ultimate inquiry was whether district court's error in following nonmandatory sentencing scheme affected defendant's ultimate sentence, and it was clear court wanted to impose sentence it felt

appropriate on undisputed facts, making any remand futile), <u>cert. denied</u>, 126 S. Ct. 198 (2005).

Finally, we conclude that the revocation sentence was not unreasonable. <u>See</u> 18 U.S.C. § 3583(e) (court must consider certain factors in determining revocation sentence, including those set forth in 18 U.S.C. § 3553(a)(1) (nature and circumstances of offense and history and characteristics of defendant), and (a)(2)(C) (need to protect public from further crimes of defendant)); <u>United States v. Tyson</u>, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with <u>United States v. Booker</u>, 543 U.S. 220 (2005)). The district court was clearly concerned about the defendant's multiple violations of supervised release and the need to protect society. In addition, the district court articulated as a reason for imposing the sentence she did the defendant's unwillingness to cooperate with his probation officer or comply with the conditions of supervised release. The district court's stated reasons for imposing a twenty-four month sentence are more than adequate to demonstrate the reasonableness of the sentence.

Accordingly, we affirm.

_____