# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2285

_____

United States of America

*Plaintiff - Appellee*

v.

Trung Dang

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 18, 2018
Filed: October 22, 2018

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

SMITH, Chief Judge.

Trung Dang appeals his revocation sentence of 60 months' imprisonment, arguing that the district court[1] procedurally erred by (1) failing to consider the

_____

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

Chapter 7 policy statement range of 8 to 14 months' imprisonment; (2) relying exclusively on unproven, disputed allegations at sentencing; and (3) giving too much weight to the seriousness of the conduct forming the basis of his violation. He also argues that his sentence is substantively unreasonable because the court considered improper sentencing factors and imposed a sentence longer than necessary to satisfy the goals of sentencing. We affirm.

I. *Background*

In 2005, Dang was sentenced in the Western District of Arkansas to 92 months' imprisonment for a drug offense. He began a five-year term of supervised release in 2011. His supervision was transferred to the Eastern District of Arkansas in 2015. The government filed a superseding petition to revoke his supervised release in 2017. The petition alleged that Dang had pleaded guilty in state court to first degree computer child pornography and computer exploitation of a child (first offense). According to the petition, the victim of his offense was a minor female in his care. She claimed that he took nude pictures and videos of her without her knowledge, sent her nude photos of herself, made sexual advances toward her, and touched her inappropriately. The state court sentenced Dang to 20 years' imprisonment. The United States Probation Office filed a violation memorandum with the district court that substantially tracked the language in the petition.

At the revocation hearing, Dang admitted that he "violated the crimes of computer child pornography and computer exploitation of a child in the first degree, first offense. All the other information contained in that paragraph [in the petition alleging commission of a criminal offense], we deny." Tr. of Revocation Hr'g at 2, *United States v. Dang*. Case No. 4:15-cr-00111-JM (E.D. Ark. May 31, 2017), ECF No. 25. The government declined to put on any further proof of the allegations, stating, "I think the conviction itself is satisfactory, Your Honor." *Id.* at 3. The court held that revocation was mandatory, as Dang was charged with a Grade B violation. The court also acknowledged that Dang had a criminal history category of III.

Dang requested a Guidelines sentence to run concurrent with his state sentence. The government asked that any sentence run consecutive to the underlying state sentence. The district court stated, "After a complete review of the facts, the violation memorandum, which is the basis for this revocation, and after considering the factors listed in 18 U.S.C. Section 3553, I am imposing [a prison sentence] . . . of five years with no term of supervised release to follow." *Id.* at 6. In explaining the basis of the sentence, the court stated the following regarding Dang's conduct:

> Mr. Dang's current term of supervised release commenced on September the 21st of 2011. He was under federal supervision and believed to be in compliance at the time of his arrest for the above-referenced new criminal conduct in which he exploited a minor in his care. Without the victim's consent, Mr. Dang took nude photographs and videos and later used them in an attempt to coerce the forced sexual conduct of the victim. The harm Mr. Dang caused his victim is immeasurable and long-lasting. Considering Mr. Dang was willing to commit this egregious act while under federal supervision indicates pervasive criminal thinking and sexual deviancy. Mr. Dang's technical compliance may have served as cover to avoid closer oversight of the probation office.

*Id.* at 9–10. Pursuant to U.S.S.G. § 7B1.3(f), the court ordered the sentence to run consecutive to the state term of imprisonment. The district court determined that it was prohibited from imposing a term of supervised release. Nonetheless, it announced terms of supervised release to take effect if its authority on the matter changed.

Dang objected on the basis that the court had varied or departed upward "for reasons that [h]e d[id] not know or agree with" and that the sentence was based on facts not supported by evidence presented to the court. Revocation Tr. at 10. He also objected to the term of imprisonment and conditions of possible supervised release as unreasonable. Dang timely appeals following entry of judgment.

II. *Discussion*

On appeal, Dang argues that the district court procedurally erred by (1) failing to consider the Chapter 7 policy statement range of 8 to 14 months' imprisonment; (2) relying exclusively on unproven, disputed allegations at sentencing; and (3) giving too much weight to the seriousness of the conduct forming the basis of his violation. He also argues that his sentence is substantively unreasonable because the court considered improper sentencing factors and imposed a sentence longer than necessary to satisfy the goals of sentencing.

"We review the district court's imposition of a revocation sentence for abuse of discretion, first questioning whether the court committed procedural error and then ensuring the sentence was substantively reasonable." *United States v. Pitts*, No. 17-1174, 2018 WL 3202775, at *1 (8th Cir. June 29, 2018) (citing *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (cleaned up).

A. *Procedural Error*
1. *Consideration of Sentencing Range*

Dang argues that the district court's failure to expressly state his sentencing range constitutes reversible procedural error. "A failure to properly calculate the advisory Guidelines range is a significant procedural error, and a non-harmless error in calculating the guidelines range requires a remand for resentencing." *United States v. Woods*, 670 F.3d 883, 886 (8th Cir. 2012) (citation omitted). Dang did not object before the district court. Consequently, we review only for plain error. *See United*

*States v. Black*, 670 F.3d 877, 881 (8th Cir. 2012). Under this standard, the appellant must show

> (1) an error; (2) that is plain; and (3) that affects substantial rights. An error affects a substantial right if it is prejudicial, meaning that there is a reasonable probability the defendant would have received a lighter sentence but for the error. Even if that showing is made, this court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Id.* (cleaned up).

"Chapter 7 of the United States Sentencing Guidelines sets forth advisory policy statements related to the revocation of supervised release." *United States v. Nelson*, 453 F.3d 1004, 1006 (8th Cir. 2006) (citing U.S.S.G. § 7B). We have previously held that a district court's failure to consider the recommended sentencing range set forth by Chapter 7 when imposing a revocation sentence did not constitute reversible error under the circumstances. For instance, in *United States v. Fallin*, the district court failed to consider the recommended range set forth in U.S.S.G. § 7B1.4(a)(2) and imposed the statutory maximum term of imprisonment. 946 F.2d 57, 58 (8th Cir. 1991) (per curiam). The length of this sentence exceeded the top end of the Guidelines range. *Id.* Though "[w]e agree[d] [with the appellant that] the district court should have considered the policy statements in chapter seven of the guidelines when sentencing" him, we ultimately decided that "[a]ny error resulting from the district court's oversight was harmless," as the defendant had an extensive record of violations of his conditions of release. *Id.*

We held similarly in *United States v. Synowiecki*, 218 F. App'x 543 (8th Cir. 2007) (per curiam). In that case, the district court "indicated its awareness of the need to [consider the Chapter 7 policy statements]" but "failed to acknowledge the precise Chapter 7 revocation range" that applied to the case. *Id.* at 544. There was also some

indication that the probation violation worksheet prepared for the case was incorrect. *Id.* However, we held that "regardless of whether any resulting error is reviewed for plain error or harmless error, the revocation sentence must be affirmed." *Id.* This was because "a district court remains free to impose a revocation sentence outside the Guidelines range suggested by the policy statements, if in its discretion the court believes that a higher sentence is warranted." *Id.* (citation omitted). In addition, the "record convince[d] us that the district court was firm on [the sentence imposed] because of [the defendant's] history of supervised release violations and flouting of authority, as well as his need for rehabilitation and to be incapacitated to protect society." *Id.* (citations omitted).

Here, the district court found that Dang had admitted to a Grade B violation and that his criminal history category was III. It also expressly invoked a provision from Chapter 7 of the Guidelines, § 7B1.3(f), when it announced the basis for running the revocation sentence consecutive to the state sentence. These facts, combined with our "presum[ption] 'that district judges know the law,' especially when it comes to clear rules in the area of criminal sentencing," *United States v. Olson*, 716 F.3d 1052, 1056 (8th Cir. 2013) (citation omitted), show that the court considered the range set forth in § 7B1.4. Moreover, the court's language at sentencing, including the lengthy discussion of restrictive, hypothetical conditions of supervised release, reflect the court's assessment that Dang's offense warranted revocation and a substantial prison sentence. The court imposed the maximum available sentence. *See* 18 U.S.C. § 3583(e)(3). Therefore, even if this was an error, it was not plain error prejudicial to Dang nor did it seriously affect the fairness, integrity, or public reputation of the judicial proceedings.

### 2. *Improper Factfinding*

Dang argues that the district court improperly relied on the violation memorandum to provide an evidentiary basis for the revocation. Though the government concedes that a court may not rely on unproven, disputed facts in

fashioning a revocation sentence, it contends that the statutes under which Dang was convicted provided a sufficient basis for the district court's factual findings. Dang preserved his objection on this point.

"It is well established that a district court commits procedural error under *Gall* by basing a sentence on unproven, disputed allegations rather than facts." *United States v. Richey*, 758 F.3d 999, 1002 (8th Cir. 2014) (citation omitted). "[A] revocation sentence may not be based on disputed, unproven allegations in the probation officer's reports." *Id.* at 1003.

We agree with the government's assertion that the statutes of conviction suffice to show the nature of Dang's conduct warranting revocation. Arkansas defines computer child pornography as follows:

(a) A person commits computer child pornography if the person knowingly:

(1) Compiles, enters into, or transmits by means of computer, makes, prints, publishes, or reproduces by other computerized means, knowingly causes or allows to be entered into or transmitted by means of computer or buys, sells, receives, exchanges, or disseminates any notice, statement, or advertisement or any child's name, telephone number, place of residence, physical characteristics, or other descriptive or identifying information for purposes of facilitating, encouraging, offering, or soliciting sexually explicit conduct of or with any child or another individual believed by the person to be a child, or the visual depiction of the conduct; or

(2) Utilizes a computer online service, Internet service, or local bulletin board service to seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another individual believed by the person to be a child, to engage in sexually explicit conduct.

Ark. Code Ann. § 5-27-603(a).

Computer exploitation of a child is defined as follows:

(a)(1) A person commits computer exploitation of a child in the first degree if the person:

> (A) Causes or permits a child to engage in sexually explicit conduct; and

> (B) Knows, has reason to know, or intends that the prohibited conduct may be:

>> (i) Photographed;

>> (ii) Filmed;

>> (iii) Reproduced;

>> (iv) Reconstructed in any manner, including on the Internet; or

>> (v) Part of an exhibition or performance.

*Id.* § 5-27-605(a).

Dang's convictions on these offenses required proof of the required factual elements beyond a reasonable doubt. To have been convicted under § 605, Dang had to have been involved in putting a child in or allowing a child to be in a sexual situation and memorializing it or showing it to others. The conduct prohibited by § 603 requires a finding that a person used a computer to seek sexual conduct or visual representation of such conduct with a child or someone believed to be a child. Unquestionably, the commission of acts sufficient to support a conviction for these offenses satisfy the requisite misconduct to warrant revocation of supervised release.

### 3. *Seriousness of Offense*

Dang asserts that the district court gave too much weight to the seriousness of the conduct forming the basis of his violation. This is, in essence, an assertion that the court improperly considered factors set forth in 18 U.S.C. § 3553(a)(2)(A). Because Dang did not object on this point at sentencing, we review for plain error. *See Black*, 670 F.3d at 881.

We acknowledge that 18 U.S.C. § 3583(e), which governs revocation sentences, omits the factors set forth in § 3553(a)(2)(A)—reflecting seriousness of the offense, promoting respect for the law, and providing just punishment—from the list of factors courts are to consider when imposing a revocation sentence. However, we have yet to hold that consideration of the § 3553(a)(2)(A) factors constitutes procedural error. *United States v. Dull*, 641 F. App'x 669, 671 (8th Cir. 2016) (per curiam). "Thus, even assuming it was error, the error is not plain." *Id.*

Dang also makes the related argument that the district court "essentially violate[d] the Double Jeopardy Clause" by sentencing him to imprisonment for conduct that also formed the basis of his state conviction. Appellant's Br. at 8 (citing *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) ("When the violations are criminal and the subject of a separate prosecution, as in this case, the defendant may be placed in double jeopardy if punished for the same conduct in both proceedings." (citation omitted))). Dang's argument fails. We have previously rejected the argument that "consecutive sentences for [a criminal] offense and the supervised release violation for the same conduct violated the Double Jeopardy Clause." *United States v. Moore*, 624 F.3d 875, 878 (8th Cir. 2010); *see also United States v. Bennett*, 561 F.3d 799, 802 (8th Cir. 2009) (holding post-revocation penalties for the same underlying conduct do not implicate the Double Jeopardy Clause).

B. *Substantive Reasonableness*

Having found no procedural error, we are left with Dang's contention that his sentence is substantively unreasonable because it is longer than necessary to achieve the goals of sentencing and is the result of the district court giving significant weight to improper factors—specifically, the seriousness of the offense and the nature and circumstances of the offense. The seriousness-of-the-offense argument is essentially a restatement of that which we addressed in Part II.A.3 of this opinion. Regarding the nature of circumstances of the offense, Dang maintains that if this factor is considered in a revocation proceeding, it is to be applied to "the original offense of conviction," not the conduct that is the basis of the revocation. Appellant's Br. at 20 (quoting *Johnson*, 640 F.3d at 203).

As stated in the previous section, this circuit has not prohibited sentencing courts' consideration of the seriousness of the conduct underlying a petition to revoke. Even accepting the Sixth Circuit's interpretation in *Johnson*, a district court is not forbidden to consider the severity of the offender's violation of his conditions of supervised release. *See Johnson*, 640 F.3d at 204; *United States v. Ryser*, 883 F.3d 1018, 1021 (8th Cir. 2018) ("A sentencing court acts within its discretion in considering the nature and circumstances of a defendant's probation violation . . . ." (citations omitted)).

Finally, the sentence as a whole is not substantively unreasonable. Dang asserts that "[t]he revocation sentence is also far greater than necessary to satisfy the goals of sentencing. The district court imposed a sentence in excess of 400 percent above the high end of the recommended range of 8–14 months' imprisonment. Such a substantial upward variance is not supported by the record." Appellant's Br. at 20–21.

> However, we have previously rejected this percentage-based argument, noting that deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low and

-10-

concluding that the percentage of the variance is thus not sufficient in and of itself to find a defendant's sentence substantively unreasonable.

*United States v. Godfrey*, 863 F.3d 1088, 1099 (8th Cir. 2017) (cleaned up). Further, the district court had "considerable discretion" in weighing the sentencing factors. *United States v. Ruelas-Mendez*, 556 F.3d 655, 658 (8th Cir. 2009). Under these facts, the court's decision to weigh them in favor of the statutory maximum is a "permissible exercise" of that discretion. *Id.* Accordingly, we conclude that Dang's sentence was not substantively unreasonable.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____