# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2591

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Russell Wilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 14, 2019
Filed: September 25, 2019

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Anthony Wilson's supervised release was revoked under 18 U.S.C. § 3583(g)(2) for possession of a firearm. Federal charges were brought against Wilson for the same conduct that led to revocation of his release. Wilson claims to raise two double jeopardy issues on appeal. First, that the district court erred when it failed to dismiss the indictment because the sentence revoking Wilson's supervised release

was punishment for the 2017 offense rather than related to his 2009 conviction. Second, the district court erred when it failed to dismiss the indictment as it subjected Wilson to multiple punishments for the same conduct in violation of the Fifth Amendment's protections against double jeopardy. These claims actually raise a single issue, whether the district court[1] erred in denying Wilson's motion to dismiss the indictment on double jeopardy grounds. We hold it did not.

## I.    Background

In 2010, Wilson pled guilty to being a felon in possession of a firearm and was sentenced to 87 months' imprisonment to be followed by three years of supervised release. Wilson began his supervised release in 2016. In October 2017, Wilson's supervising probation officer filed a petition for revocation of Wilson's supervision based primarily on Wilson's September 18, 2017 arrest for unlawful possession of a firearm. The Grand Jury returned an indictment charging Wilson with being a felon in possession of a firearm related to the September 18, 2017 incident in November 2017. Wilson's revocation proceeded to a hearing in March 2018. Pursuant to the mandatory revocation provision of 18 U.S.C. § 3583(g)(2), the district court revoked Wilson's supervision and sentenced him to 18 months' imprisonment to be followed by 18 months of supervised release.

After receiving the supervised release revocation sentence, Wilson moved to dismiss the indictment on double jeopardy grounds, relying on the decision in United States v. Haymond, 869 F.3d 1153 (10th Cir. 2017), cert. granted, 139 S.Ct. 398 (2018), which concluded that 18 U.S.C. § 3583(k) was unconstitutional. Wilson argued that revocation of his supervised release under § 3583(g) punished his new offense rather than his crime of conviction and that the subsequent criminal

---

[1]The Honorable Ronnie L. White, United States District Court for the Eastern District of Missouri.

-2-

prosecution violated the Double Jeopardy Clause of the Fifth Amendment. The motion to dismiss was denied by the district court and Wilson appealed.

Following oral argument, we requested supplemental briefing from the parties to address the application of the Supreme Court's recent decision in United States v. Haymond, 139 S.Ct. 2369 (2019).

## II.    Discussion

The issue before us is whether the district court erred in denying Wilson's motion to dismiss the indictment on double jeopardy grounds. Wilson asserts that the new prosecution unconstitutionally seeks to punish him for the same conduct that led to the revocation of his supervised release and accompanying incarceration. See United States v. Dixon, 509 U.S. 688, 696 (1993) ("This protection applies both to successive punishments and to successive prosecutions for the same criminal offense."). We review the denial of a motion to dismiss an indictment *de novo*. United States v. Lewis, 844 F.3d 1007, 1010 (8th Cir. 2017).

It has long been the jurisprudence of this court that the same conduct can result in both a revocation of a defendant's supervised release and a separate criminal conviction without raising double jeopardy concerns. See United States v. Dang, 907 F.3d 561, 567 (8th Cir. 2018); see also United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009). This is because "supervised release punishments arise from and are 'treated as part of the penalty for the initial offense.'" Haymond, 139 S.Ct. at 2379-80 (quoting Johnson v. United States, 529 U.S. 694, 700 (2000)). "The consequences that flow from violation of the conditions of supervised release are first and foremost considered sanctions for the defendant's 'breach of trust' — his 'failure to follow the court-imposed conditions' that followed his initial conviction — not 'for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct.'" Id. at 2386 (Breyer, J., concurring in the judgment)

-3-

(quoting U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, cmt. 3(b) (U.S. SENTENCING COMM'N 2018)).

Wilson, relying on Haymond, contends that because his revocation of supervised release was based on his possession of a firearm, any criminal prosecution for the same possession would necessarily violate double jeopardy prohibitions. See 869 F.3d 1153. This reliance is misplaced. A plurality of the Supreme Court concluded that 18 U.S.C. § 3583(k) is unconstitutional because judicial factfinding "increased 'the legally prescribed range of allowable sentences' in violation of the Fifth and Sixth Amendments." Haymond, 139 S.Ct. at 2378 (quoting Alleyne v. United States, 570 U.S. 99, 115 (2013)). The plurality did not "express a view" on the mandatory term of imprisonment set forth in § 3583(g) for certain drug and gun violations. Id. at 2382 n.7. Justice Breyer concurred in the judgment that § 3583(k) is unconstitutional, because its features "more closely resemble the punishment of new criminal offenses, but without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." Id. at 2386 (Breyer, J., concurring in the judgment).

Under 18 U.S.C. § 3583(g), if the court finds by a preponderance of the evidence that a defendant on supervised release possessed a controlled substance or a firearm, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3)." Subsection (e)(3) restricts the term of additional imprisonment based on the seriousness of the underlying offense. Id. § 3583(e)(3) ("more than 5 years [for] a class A felony, more than 3 years [for] a class B felony, more than 2 years [for] a class C or D felony, or more than one year in any other case."). In contrast, under § 3583(k), if a judge finds by a preponderance of the evidence that a defendant on supervised release committed one of several specific offenses listed in the statute, "the judge *must* impose an additional prison term of at least five years and up to life without regard to the length of the prison term

authorized for the defendant's initial crime of conviction." Haymond, 139 S.Ct. at 2374 (emphasis in original). This type of violation can lead to a defendant receiving a mandatory minimum sentence "well *beyond* that authorized by the jury's verdict." Id. at 2382 (emphasis in original). Section 3583(k) is the only subsection requiring "a substantial increase in the minimum sentence" that a defendant may receive. Id. All other subsections must comply with § 3583(e)(3) and "are limited by the severity of the original crime of conviction, not the conduct that results in revocation." Id. at 2386 (Breyer, J., concurring in the judgment); see 18 U.S.C. § 3583(e)(3).

Wilson's contention that any mandatory sentence stemming from a revocation of supervised release precludes criminal prosecution for the same conduct under Haymond is overbroad. "Revocation of supervised release is typically understood as 'part of the penalty for the initial offense.'" Haymond, 139 S.Ct. at 2386 (Breyer, J., concurring in the judgment) (quoting Johnson, 529 U.S. at 700). While "a term of imprisonment" is mandatory for violation of § 3583(g), the statute does not require a mandatory minimum potentially longer than the defendant's original sentence. Section 3583(g), unlike subsection (k), requires the court to consider the underlying offense and gives the court discretion to determine the length of sentence up to the limitations of subsection (e)(3). This limitation demonstrates that § 3583(g) is designed to sanction the defendant's breach of trust rather than punish a separate crime. See Haymond, 139 S.Ct. at 2386 (Breyer, J., concurring in the judgment).

Unlike the mandatory five years to life sentence provision under § 3583(k), "in most cases . . ., combining a defendant's initial and post-revocation sentences issued under § 3583(e) will not yield a term of imprisonment that exceeds the statutory maximum term of imprisonment the jury has authorized for the original crime of conviction." Haymond, 139 S.Ct. at 2384 (plurality opinion). This is true for Wilson, who was originally sentenced to 87 months' imprisonment and received an additional 18 months following revocation of his supervised release. The total 105-month sentence is less than the statutory maximum 120 months authorized for Wilson's

violation of 18 U.S.C. § 922(g)(1).  <u>See</u> 18 U.S.C. § 924(a)(2).  Because the imposition of a sentence under § 3583(g) is a sanction rather than a punishment for a separate offense, criminal prosecution does not violate double jeopardy.

**III.  Conclusion**

For the foregoing reasons, we affirm the judgment of the district court.

_____