[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11822
Non-Argument Calendar
_____

D.C. Docket No. 7:92-cr-00005-HL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL JEROME HOLMES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 22, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Carl Holmes appeals his 24-month above-guidelines sentence, which the district court imposed upon revocation of supervised release. Holmes argues that his sentence is procedurally unreasonable. After careful review, we affirm.

## I.    BACKGROUND

Holmes completed a term of incarceration on firearms-related charges and began a five-year term of supervised release. During that term, the probation office petitioned the district court for revocation of his supervised release. The probation office alleged that Holmes had committed seven violations of the conditions of his supervision: failure to report to the probation officer as required (violations 1 and 2); failure to timely report arrest or questioning by a law enforcement officer (violation 3); failure to refrain from violating the law (violation 4); possession or use of a controlled substance by testing positive for marijuana and cocaine (violations 5 and 6); and failure to participate in an approved substance abuse treatment program (violation 7). The revocation report determined that Holmes's guideline range was 8-14 months' imprisonment.

At an evidentiary hearing, Holmes initially contested all seven violations but then admitted that he used marijuana on two separate occasions. Holmes's probation officer testified that Holmes failed to comply with his reporting obligations and refused to participate in court-ordered substance abuse classes.

2

The district court dismissed violations 4 and 6 and found by a preponderance of the evidence that Holmes had committed violations 1, 2, 3, 5, and 7.

At sentencing, the district court adopted the revocation report's guideline range of 8-14 months but found that "the guideline range in this case is . . . inadequate." Doc. 134 at 33.[1]  The court emphasized that Holmes knowingly had violated the terms of his supervised release, several times, without any valid justification.  And the court considered the need "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the violation offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Id.* at 33-34 (citing 18 U.S.C. § 3553(c)(2)).  The court therefore sentenced Holmes to 24 months' imprisonment. Holmes, through counsel, stated that he did not object to the sentence.

On appeal, Holmes now challenges the procedural reasonableness of his sentence.

## II.    STANDARDS OF REVIEW

In reviewing the procedural reasonableness of a sentence, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Although ordinarily we review the procedural reasonableness of a sentence for an abuse of discretion, *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc), where the defendant fails to object at the time of sentencing, we generally review only for plain error, *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail under plain error review, the defendant must demonstrate "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* (alteration adopted) (internal quotation marks omitted). "If all three conditions are met, then we decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alterations adopted) (internal quotation marks omitted). Regardless of whether a defendant objects, though, we review *de novo* a claim that the district court failed to explain the reasons for an above-guidelines sentence. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016).

## III.    DISCUSSION

Holmes argues that the district court improperly considered 18 U.S.C. § 3553(a)(2)(A), which he argues cannot apply upon revocation of supervised release, and failed to adequately explain the evidence relied upon and the reasoning behind the upward variance. We discern no reversible error.

As to his first challenge, Holmes argues that the district court erred in considering § 3553(a)(2)(A)—the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense." 18 U.S.C. § 3553(a)(2)(A). He contends that these factors are applicable only in an initial sentencing proceeding and cannot be considered upon revocation of supervised release. Holmes failed to object to the district court's consideration of this factor; thus, we review only for plain error. *Vandergrift*, 754 F.3d at 1307. We previously have held that a district court's consideration of these factors in the supervised-release context was not plain error. *See id.* at 1308-09. In *Vandergrift*, we explained that "[t]he text of § 3583(e) does not . . . explicitly forbid a district court from considering § 3553(a)(2)(A)"; the Supreme Court had not addressed whether a district court could do so; the circuits were split on the issue; and we had not addressed the issue in a published opinion. *Id.* at 1308. Since *Vandergrift*, neither this Court nor the Supreme Court has weighed in. Thus, *Vandergrift*'s analysis applies here, and any error Holmes alleges could not have been plain.

Second, Holmes argues that, contrary to the requirement in 18 U.S.C. § 3553(c)(2), the district court gave "[n]o explanation as to the facts or evidence

relied upon" in imposing an above-guidelines sentence.[2]  Appellant's Br. at 12.

Section 3553(c)(2), which applies when the district court imposes an upward

variance, obliges a district court to "state in open court the reasons for its

imposition of the particular sentence" and "the specific reason for the imposition of

a sentence different from that described" in the Guidelines.  18 U.S.C.

§ 3553(c)(2).[3]  To satisfy its obligation, the district court must "set forth enough to

satisfy the appellate court that [it] has considered the parties' arguments and has a

reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v.*

---

[2] The government argues that our review of this challenge should be for plain error, asserting that Holmes challenges only the district court's failure to consider the § 3553(a) factors, not the court's failure to comply with § 3553(c)(2).  When a defendant does not object to the district court's failure to consider the § 3553(a) factors, our review is for plain error. *Vandergrift*, 754 F.3d at 1307.  But when a defendant does not object to the district court's failure to explain in open court the reasons for its above-guidelines sentence as required by § 3553(c)(2), our review is *de novo*.  *Parks*, 823 F.3d at 996.  In *Parks* we detailed the tension between these two rules but ultimately determined that there was a "plausible basis" for understanding the two in tandem.  *Id.*  We understand Holmes to be asserting the latter type of challenge.  *See* Appellant's Br. at 11-12 (citing *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (discussing district court's obligations under § 3553(c))).

We note that even if Holmes intended to challenge the district court's failure to consider the § 3553(a) factors, that challenge would fail.  The court expressly considered several such factors, including the need "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the violation offenses, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant."  Doc. 134 at 34; *see* 18 U.S.C. § 3553(a)(2)(A)-(C) (same).

[3] Holmes argues in his reply brief that the district court failed to state the basis for its above-guidelines sentence "with specificity in a statement of reasons" as required by 18 U.S.C. § 3553(c)(2).  But he did not make this argument in his initial brief, instead arguing only that the district court failed to state reasons at the sentencing hearing for the sentence imposed.  "An appellant in a criminal case may not raise an issue for the first time in a reply appellate brief." *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481 (11th Cir. 1989).  Thus, we do not consider his argument regarding the district court's statement of reasons here.

*United States*, 551 U.S. 338, 356 (2007); *see Parks*, 823 F.3d at 997 (same).  The court must go beyond calculating the guidelines range and "suggest[ing] that various factors informed [its] choice of sentence," and instead must "answer the key question of why [it] imposed an above-guidelines sentence" so that we can "discharge our duties of appellate review." *Parks*, 823 F.3d at 997; *see id.* (explaining that failure to do so is "per se" reversible error).  However, "[w]hen evaluating a district court's reasons for imposing a particular sentence, an appellate court may consider the record from the entire sentencing hearing and need not rely upon the district court's summary statement made at the closing of the sentencing hearing." *United States v. Suarez*, 939 F.3d 929, 934 (11th Cir. 1991).

The district court discharged its obligations under § 3553(c)(2).  Holmes focuses on the district court's summary statement that a guidelines-range sentence would be inadequate, but the whole of the sentencing proceeding demonstrates that the district court had sufficient reason for the variance it imposed.  The district court explained that Holmes knowingly committed several violations of the terms of his supervised release.  Holmes, the court explained, had no valid justification for doing so.  Moreover, the district court—expressly citing § 3553(c)(2)—found that an above-guidelines sentence best reflected the seriousness of Holmes's violations, promoted respect for the law, provided just punishment for the violations, afforded adequate deterrence, and protected the public.  Considering the

7

entirety of the district court's statements at sentencing, we are satisfied that the court "considered the parties' arguments and ha[d] a reasoned basis" for the upward variance. *Rita*, 551 U.S. at 356. We therefore discern no error.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the sentence the district court imposed upon revocation of supervised release.

**AFFIRMED.**