# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1590
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Michael Fisher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: January 10, 2022
Filed: February 16, 2022
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Christopher Michael Fisher pled guilty for failing to register as a sex offender and escaping federal custody in violation of 18 U.S.C. §§ 2250(a) and 751(a). The district court[1] sentenced him to 30 months in prison on each count, to be served

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

concurrently. He appeals his conviction for failing to register as a sex offender. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2013, Fisher was convicted of failing to register as a sex offender. In 2019, while on supervised release, Fisher failed to update his address on the sex offender registry. The district court revoked his supervised release, sending him back to prison. The government then charged him with failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Fisher moved to dismiss, claiming a violation of the Double Jeopardy Clause of the Fifth Amendment. Relying on Eighth Circuit precedent, the district court denied the motion. He appeals.

This court reviews a double jeopardy determination de novo. *United States v. Leathers*, 354 F. 3d 955, 959 (8th Cir. 2004). "It has long been the jurisprudence of this court that the same conduct can result in both a revocation of a defendant's supervised release and a separate criminal conviction without raising double jeopardy concerns." *United States v. Wilson*, 939 F.3d 929, 931 (8th Cir. 2019). "This is because 'supervised release punishments arise from and are treated as part of the penalty for the initial offense.'" *Id.* at 932, *quoting United States v. Haymond*, 139 S. Ct. 2369, 2379-80 (2019) (cleaned up). It is a "long standing rule" that "one panel may not overrule an earlier decision by another." *United States v. Anwar*, 880 F.3d 958, 971 (8th Cir. 2018). For this reason, there was no double jeopardy violation here. *See United States v. Watters*, 947 F.3d 493, 496-98 (8th Cir. 2020) (upholding conviction where a defendant had supervised release revoked for distribution of child pornography and the government then charged the defendant in a separate indictment for the same conduct); *Wilson*, 939 F.3d at 932-33.

\* \* \* \* \* \* \* \*

The judgment is affirmed.

_____