# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2746

———————————————

United States of America

*Plaintiff - Appellee*

v.

Derek David Metzger

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota

——————————

Submitted: February 23, 2022
Filed: February 28, 2022
[Unpublished]

——————————

Before GRASZ, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

The district court[1] revoked Derek David Metzger's supervised release and sentenced him to 8 months of imprisonment followed by 3 years of supervised release. Metzger now appeals his sentence on both procedural and substantive

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

grounds. Because Metzger did not raise the issue of procedural error before the district court, we review it for plain error and review the substantive reasonableness of his sentence for abuse of discretion. *United States v. Trung Dang*, 907 F.3d 561, 564 (8th Cir. 2018).

Metzger relies on our decision in *United States v. Lovelace*, 565 F.3d 1080 (8th Cir. 2009), to support his contention that the district court committed plain procedural error by relying on previously undisclosed information at sentencing. To warrant reversal, Metzger must show an error that is plain and both affects his substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Becker*, 636 F.3d 402, 405–06 (8th Cir. 2011). Metzger does not meet the plain error standard. Assuming without deciding there was an error that was plain, Metzger has failed to meet his burden in showing the purported error affected his substantial rights. *See United States v. Anderson*, 664 F.3d 758, 768–69 (8th Cir. 2012).

Furthermore, the district court did not impose an unreasonable sentence. It properly considered Chapter 7 of the United States Sentencing Guidelines Manual ("Guidelines") and the 18 U.S.C. § 3553(a) sentencing factors, gave appropriate reasons for its decision, and imposed a sentence at the bottom of the Guidelines range of 8 to 14 months of imprisonment. *United States v. DaCruz-Mendes*, 970 F.3d 904, 910 (8th Cir. 2020) ("We presume sentences within the Guidelines recommended range are reasonable."); *United States v. Ballard*, 872 F.3d 883, 885 (8th Cir. 2017) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

Accordingly, we affirm.

_____