# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1528

_____

United States of America

*Plaintiff - Appellee*

v.

Margie P. Shephard

*Defendant - Appellant*

_____

No. 21-1529

_____

United States of America

*Plaintiff - Appellee*

v.

Margie P. Shephard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 10, 2022
Filed: April 4, 2022
[Unpublished]

_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Margie P. Shephard's supervised release and sentenced her to 72 months imprisonment and 1 year supervised release. Shephard appeals the sentence as substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2010, Shephard pled guilty to conspiracy to commit bank fraud and identity theft, aggravated identity theft, and obstruction of justice. She was sentenced to a total of 120 months imprisonment and 3 years supervised release. In 2017, after Shephard was found to have forged an amended judgment for another inmate while in the custody of the Bureau of Prisons, she pled guilty to another count of obstruction of justice. She was sentenced to an additional 41 months imprisonment and 3 years supervised release. In 2020, Shephard began serving both terms of supervised release but quickly violated their conditions. At a final revocation hearing, Shephard stipulated to 21 charged violations of the terms of her supervised release, and the district court revoked her supervised release. The statutory maximum revocation sentence Shephard faced was 84 months imprisonment. In fashioning a revocation sentence, the district court declined to follow the parties' joint recommendation of 24 months imprisonment. The district court instead imposed 48 months imprisonment for the violations of the 2010 supervised release and a consecutive 24 months imprisonment for the violations of the 2017 supervised release, totaling 72 months imprisonment. The district court also imposed three concurrent one-year terms of supervised release.

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Shephard argues that her sentence is substantively unreasonable and longer than necessary given her acceptance of responsibility, acknowledgement of needed mental health treatment, and disclosure of an underlying substance abuse problem. "We review the district court's imposition of a revocation sentence for abuse of discretion . . . ." United States v. Trung Dang, 907 F.3d 561, 564 (8th Cir. 2018) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (per curiam) (citation omitted).

Having examined the record, we conclude that the district court did not impose a substantively unreasonable sentence. "The district court has wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." Id. (citation omitted); see also United States v. Clark, 998 F.3d 363, 368 (8th Cir. 2021) ("18 U.S.C. § 3583 . . . incorporates the § 3553(a) factors relevant for revocation purposes."). "The district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." United States v. Moua, 895 F.3d 556, 560 (8th Cir. 2018) (per curiam) (citation omitted). Here, the district court sufficiently considered the statutory sentencing factors, reviewing both mitigating and aggravating factors before concluding that the parties' recommendation of 24 months imprisonment was inadequate. The district court expressly acknowledged Shephard's possible mental health problems and drug use. And it heard Shephard accept responsibility for her supervised release violations. See United States v. Carnes, 22 F.4th 743, 751 (8th Cir. 2022) ("We presume the district court properly considered issues argued by the parties at the sentencing hearing even though the district court itself did not discuss the issues."). Still, the district court observed, "this is the most extreme case of habitual offender that I've had in 33 years," and gave greater weight to Shephard's history and characteristics, the nature and circumstances of her offenses, and the need to promote respect for the law, deter Shephard, and protect the public. Ultimately, Shephard's

claim of substantive unreasonableness "amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors." Id.

The judgment is affirmed.

_____