# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2467

———————————————

United States of America

*Plaintiff   Appellee*

v.

Antoine Raymone Killing, also known as Toine Starks, also known as T, also
known as Toine, also known as Blow, also known as Blowstakz

*Defendant   Appellant*

—————————

Appeal from United States District Court
for the District of Minnesota

—————————

Submitted: January 9, 2023
Filed: April 5, 2023
[Unpublished]

—————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

—————————

PER CURIAM.

After completing a term of imprisonment for federal drug-distribution offenses,
Antoine Raymone Killing began a term of supervised release in October 2017. The

district court[1] modified Killing's conditions of supervised release three times: to order participation in a reentry program; to reduce the supervised-release term for completion of the program; and later, to require Killing to temporarily reside at a halfway house and to complete anger-management and domestic-violence treatment programs, conditions to which Killing had agreed.

The probation office filed an amended petition to revoke supervision in September 2021, alleging five violations of the conditions of supervised release. Killing admitted one Grade C violation, for which the district court imposed a ten-month prison sentence. The written judgment, however, indicated that Killing was adjudicated guilty of all five violations.

Although he did not object at sentencing, Killing now argues that the district court relied upon improper sentencing factors in imposing his revocation sentence—namely, the unproved violations and the need "to provide just punishment for the offense" under 18 U.S.C. § 3553(a)(2)(A). He contends that he must be resentenced in light of these procedural errors. See United States v. Richey, 758 F.3d 999, 1002–03 (8th Cir. 2014) (revocation sentence based on unproved allegations constitutes procedural error); United States v. Trung Dang, 907 F.3d 561, 566 (8th Cir. 2018) (assuming without deciding that considering § 3553(a)(2)(A) factors at revocation sentencing constitutes procedural error). Killing points to the following passages from the revocation sentencing transcript in support of his argument:

> [T]he charge to which you are pleading and admitting . . . is less than what you could be charged with; and there's a whole bucket full of things that have gone on here that are just plain wrong. . . .

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

[T]he penalty that you [are] getting today, you earned it. . . . I just hope that you can change your methodology because if you don't, you're going to be doing life on the installment plan . . . .

We find no error, let alone any plain error, in the district court's imposition of Killing's revocation sentence. See Trung Dang, 907 F.3d at 566 (standard of review). The above-cited passage acknowledges that Killing had admitted only one violation. It also reflects the district court's familiarity with Killing's supervision and its dismay regarding Killing's continued difficulties in complying with the conditions of supervision. The remark that "a whole bucket full of things . . . ha[d] gone on" does not reflect any reliance by the court upon unproved violations, particularly in light of its later reiteration that the sentence was based on "the violation." Similarly, the court's single use of the word "penalty" does not establish that it erroneously relied upon the need "to provide just punishment" under § 3553(a)(2)(A).

We order that the written judgment be amended to reflect that Killing was adjudicated guilty of only one violation—*i.e.*, failing to report to the halfway house. We affirm the judgment in all other respects.

_____