# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1134
_____

United States of America,

*Plaintiff - Appellee*,

v.

Jessie Paul Farmer,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: November 21, 2025
Filed: April 10, 2026
_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.
_____

COLLOTON, Chief Judge.

Jessie Farmer was convicted in 2016 of a drug trafficking offense and sentenced to the statutory maximum prison term of 96 months, plus one year of

supervised release. After Farmer's release from prison, the district court[1] found that he violated his conditions of supervised release, revoked his term of supervised release, and sentenced him to an additional twelve months in prison. On appeal, Farmer contends that his revocation sentence violates a right to due process and trial by jury under the Fifth and Sixth Amendments. We disagree and affirm the judgment.

I.

Farmer pleaded guilty in 2016 to two counts of use of a communication facility to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 843(b). Each count carried a maximum of 48 months' imprisonment, *see* 21 U.S.C. § 843(d)(1), and the court sentenced Farmer to 96 months, with one year of supervised release to follow. *See* 18 U.S.C. §§ 3583(b)(3), 3559(a)(5).

Farmer began his term of supervised release in 2024, but the probation office soon petitioned the court to revoke his release based on violations of his conditions of supervised release. Farmer moved to dismiss the petition and argued that any revocation sentence imposed based on 18 U.S.C. §§ 3583(g) and 3583(e) would be unconstitutional as applied to him.

Section 3583(g) calls for mandatory revocation of a term of supervised release where a defendant possesses a controlled substance or firearm, refuses to comply with drug testing, or tests positive for illegal drugs more than three times in a year. Section 3583(e) separately authorizes a court to revoke a term of supervised release, and to require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the original offense, if the court finds by a

---

[1]The Honorable Timothy L. Brooks, Chief Judge, United States District Court for the Western District of Arkansas.

preponderance of the evidence that the defendant violated a condition of supervised release.

In the district court, Farmer argued that because he was originally sentenced to the statutory maximum term of imprisonment for his offense of conviction, a revocation sentence of even one more day of imprisonment based on §§ 3583(e) and 3583(g) would be unconstitutional if the facts establishing the violations were not found by a jury beyond a reasonable doubt. The district court denied Farmer's motion to dismiss.

The district court then found by a preponderance of the evidence that Farmer committed ten violations of his supervised release conditions: six failures to appear for drug testing and four positive drug tests between June and November 2024. The court revoked Farmer's term of supervised release and sentenced him to the statutory maximum of twelve months' imprisonment. *See* 18 U.S.C. §§ 3583(e)(3), 3583(b)(3), 3559(a)(5).

## II.

This appeal concerns the application of the Fifth and Sixth Amendments to revocations of supervised release. In the context of punishments for an offense of conviction, the Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that under the Fifth and Sixth Amendments, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Court later extended *Apprendi* to facts that increase a mandatory minimum sentence. *Alleyne v. United States*, 570 U.S. 99, 108 (2013).

In *United States v. Haymond*, 588 U.S. 634 (2019), a splintered Supreme Court considered the application of *Apprendi* and *Alleyne* in the context of supervised

release. That case involved 18 U.S.C. § 3583(k), which provides in substance that "if a judge finds by a preponderance of the evidence that a defendant on supervised release committed one of several enumerated offenses, including the possession of child pornography, the judge *must* impose an additional prison term of at least five years and up to life without regard to the length of the prison term authorized for the defendant's initial crime of conviction." *Id.* at 639 (plurality opinion).

There was no opinion of the Court in *Haymond*; three different views were expressed. A four-Justice plurality concluded that because "judicial factfinding triggered a new punishment in the form of a prison term of at least five years and up to life," the imposition of a sentence under § 3583(k) violated the Fifth and Sixth Amendments. *Id.* at 646. A four-Justice dissent, drawing on the history of parole revocation proceedings, concluded that the right to jury trial and the requirement of proof beyond a reasonable doubt do not apply at a proceeding to revoke supervised release. *Id*. at 667-68 (Alito, J., dissenting).

Justice Breyer's opinion concurring in the judgment cast the deciding vote. *Id*. at 658 (Breyer, J., concurring in the judgment). This court has concluded that the Breyer opinion states the controlling rule of law from *Haymond*. *United States v. Childs*, 17 F.4th 790, 792 (8th Cir. 2021); *United States v. Watters*, 947 F.3d 493, 497 (8th Cir. 2020); *see Marks v. United States*, 430 U.S. 188, 193 (1977).

The concurrence in *Haymond* "agree[d] with much of the dissent, in particular that the role of the judge in a supervised-release proceeding is consistent with traditional parole." 588 U.S. at 657-58 (Breyer, J., concurring in the judgment). "[I]n light of the potentially destabilizing consequences," Justice Breyer opined that he "would not transplant the *Apprendi* line of cases to the supervised-release context." *Id*. at 658.

The Breyer concurrence concluded narrowly, however, that § 3583(k) was unconstitutional because the statute operates "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Id.* at 659. In particular, the statute (1) "applies only when a defendant commits a discrete set of federal criminal offenses," (2) "takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long," and (3) specifically limits the judge's discretion by requiring the judge to impose a mandatory minimum term of imprisonment of at least five years. *Id.*

### III.

On appeal, Farmer argues that under the approach of the *Haymond* plurality, his revocation sentence under § 3583(g) and § 3583(e) violates his constitutional right to have a jury determine the necessary facts beyond a reasonable doubt. Farmer contends that both the minimum and maximum punishments available for his revocation were increased based on facts not found by a jury. Although the *Haymond* plurality did "not pass judgment" on "§ 3583(e)'s consistency with *Apprendi*," and did not "express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g)," *id.* at 652 n.7 (plurality opinion), Farmer contends that the plurality's reasoning shows that his revocation sentence was imposed in violation of the Fifth and Sixth Amendments.

We reject Farmer's contention because the *Haymond* plurality opinion does not state the governing rule. This court applies the rule of Justice Breyer's concurrence, which agreed largely with the *Haymond* dissent and declined to transplant the *Apprendi* line of cases to the supervised-release context.

The considerations that led Justice Breyer to conclude that a sentence imposed under § 3583(k) was unconstitutional in *Haymond* are not present here. First, the

application of § 3583(g) and § 3583(e) did not depend on Farmer's commission of a discrete set of federal criminal offenses. The district court revoked Farmer's term of supervised release and sentenced him based on six failures to comply with a drug testing condition and four positive drug tests, none of which necessarily rises to the level of a federal criminal offense. *See United States v. Seighman*, 966 F.3d 237, 243 (3d Cir. 2020). Unlike § 3583(k), "§ 3583(g) does not cross-reference federal criminal statutes." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020).

Second, § 3583(g) and § 3583(e) did not eliminate the judge's discretion in deciding whether Farmer's violations should result in imprisonment and for how long. The mandatory revocation provision of § 3583(g) is tempered by § 3583(d), which directs a court to consider whether an exception to revocation is warranted for a defendant who fails a drug test under § 3583(g). "In essence, § 3583(d) restores discretion to the district judge in determining whether revocation and incarceration are warranted when a defendant violates supervised release due to a failed drug test." *United States v. Reynolds*, 111 F.4th 836, 839 (7th Cir. 2024). Where a court decides to impose a term of imprisonment on revocation for positive drug tests, § 3583(e)(3) affords the court discretion to set a term as short as one day and anywhere up to the maximum term of supervised release authorized by statute for the original offense of conviction. *See Seighman*, 966 F.3d at 244.

Third, § 3583(g) and § 3583(e)(3) do not limit the judge's discretion in the same manner as § 3583(k). Section 3583(k) requires the judge to impose an additional prison term of at least five years and up to life regardless of the severity of the original offense of conviction or the length of the prison term authorized for the offense of conviction. *Haymond*, 588 U.S. at 639 (plurality opinion). By contrast, § 3583(e)(3) "restricts the term of additional imprisonment based on the seriousness of the underlying offense." *United States v. Wilson*, 939 F.3d 929, 932 (8th Cir. 2019). The maximum length of imprisonment under § 3583(e)(3) is determined by the classification of the initial offense of conviction, not by the conduct that results

in revocation, so a revocation sentence under § 3583(e) is "'part of the penalty for the initial offense.'" *Haymond*, 588 U.S. at 658 (Breyer, J., concurring in the judgment) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)); *see United States v. Eagle Chasing*, 965 F.3d 647, 651 (8th Cir. 2020) ("Unlike a revocation under § 3583(k), revocation under § 3583(e)(3) is a sanction connected to the original offense, and the statute affords the district court wide discretion to determine whether to revoke supervision and what sentence to impose.").

For these reasons, we conclude that the district court's revocation of the term of supervised release and the imposition of sentence did not violate Farmer's rights under the Fifth and Sixth Amendments. The judgment of the district court is affirmed.

_____